### S. S. HITE v. FRED HOETHIDE, ETC.

**Judicial Sales—Confirmation—Relief of Purchaser.**

Where a purchaser of land at a judicial sale made no objection to the order of confirmance until nearly a year thereafter, and in response to a rule fails to suggest the specific defects which render his title imperfect, he occupies the position of one seeking to rescind an executed contract; and he should disclose the facts entitling him to relief.

APPEAL FROM LOUISVILLE CHANCERY COURT.

March 27, 1873.

OPINION BY JUDGE LINDSAY:

There is no connection between this and the case of *Hite v. Reeve,* except that they relate to the same property. The equities of Mrs.

Renter and her two infant children in said property are fully described in the pleadings in the case of *Hoethide v. Renter.* Hill must be regarded as having notice of the contents of these pleadings at the time he permitted the sale to him to be confirmed, and the conveyance to be executed and certified for record.

He made no objection to either of these orders until June 23, 1871, nearly a year after the order of confirmation. In his response to the rule, he fails to suggest the specific defects which render his title imperfect. He occupies the position of a party seeking to rescind an executed contract. His response to the rule should have disclosed facts entitling him to such relief. It fails to show any facts whatever, except that "he is not satisfied that he has a good title to the property sold herein, and his vendors are insolvent" and that he had sold the property to Reeve, who preferred to pay for it.

This response was properly overruled.

Judgment *affirmed.*

*J. B. Cochran,* for appellant.

*Muir & Bigers,* for appellees.